**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Elaine Miller,<br><br>                Plaintiff,<br><br>v.<br><br>Kelli Leahy, et al.,<br><br>                Defendants. | No. CV-22-00413-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiff Patricia Miller's ("Ms. Miller's") Complaint. (Doc. 1.) For the reasons set forth below, the Court will allow parts of Ms. Miller's Complaint to proceed, dismiss others, and grant her leave to amend those parts that are deficient.

**I.    BACKGROUND**

On March 16, 2022, Ms. Miller filed her Complaint against two employees of the Arizona Department of Child Services ("AZDCS") under 42 U.S.C. § 1983, as well as various state law theories. (Doc. 1.) Therein, she alleges that her Fifth and Fourteenth Amendment rights were violated in two separate, but ongoing incidents with AZDCS. (*See id.* at 1, 4–11.)

The first incident began on March 16, 2020 (the "2020 Incident"), when Ms. Miller—then a resident of North Carolina—was traveling to Quartzite, Arizona on a business trip. (*Id.* at 4.) At that time, Ms. Miller's 16-year-old daughter ran away while the two were traveling together. (*Id.* at 4–5.) On March 20, 2020, Ms. Miller learned

that her daughter was staying with, and being sexually abused by, a meth dealing "pedophile," and she notified AZDCS on that day. (*Id.* at 5.) Ms. Miller alleges that AZDCS did not return her daughter, nor did they report the underage sex or drug use to the police. (*Id.*) Ms. Miller acknowledges that her daughter made "allegations" to AZDCS against Ms. Miller but claims that her daughter only did so because she was "[s]uffering from a meth induced Stockholm syndrome and under the influence of dangerous drugs." (*Id.*) Ms. Miller also alleges that AZDCS was negligent in their actions regarding the 2020 Incident.

The second incident began on September 21, 2021 (the "2021 Incident")—more than a year later[1]—when AZDCS filed a purportedly fraudulent report based on the 2020 Incident. (*Id.* at 5–6.) Although she does not specify what the report contained, Ms. Miller alleges that this report was false and that it was used as a jurisdictional hook to obtain custody of her other two minor children—neither of whom were residents of Arizona.[2] (*Id.*) Ms. Miller alleges that AZDCS did this "to mitigate the negligence of [its] case managers" and avoid civil liability regarding the 2020 Incident. (*Id.*) Moreover, Ms. Miller alleges that, "On November 23, 2021, a foreign state, Arizona, with no jurisdiction over the Plaintiff's children, citizens of the State of Oregon, had issued a non-jurisdictional pick[-]up order to exercise illegal jurisdiction and custody of her two minor children." (*Id.* at 6.)

## II. LEGAL STANDARD

In a pro se filing, the Court is required to review a complaint to determine whether the action:

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim where it contains

---

[1] The Court notes that there is a large gap in the factual history provided by Ms. Miller.
[2] According to Ms. Miller, these two children were residents of North Carolina at the time of the 2020 Incident and of Oregon at the time of the 2021 Incident.

- 2 -

time-barred claims or fails to meet the statutory requirement for suing a state entity. *See Syntelco Ltd. v. Reish*, No. CV-17-00598-PHX-JZB, 2017 WL 11513278, at *3 (D. Ariz. Aug. 28, 2017) ("The statute of limitations is an affirmative defense that is 'properly raised in a motion to dismiss where it appears from the face of the complaint that the claim is barred.'" (quoting *McCloud v. State, Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 694 (Ariz. Ct. App. 2007))).

### III. DISCUSSION

Ms. Miller's Complaint contains both state law claims and federal claims under § 1983. The standards for each are different and, therefore, the Court will address the state and federal claims separately. *See Payne v. Arpaio*, No. CV-09-1195-PHX-NVW, 2009 WL 3756679, *11 (D. Ariz. Nov. 4, 2009) ("A.R.S. § 12-821.01 applies to all state law claims, [but] it does not apply to the federal claims.").

#### A. State Law Claims

Regarding the 2020 Incident, Ms. Miller asserts state law claims including tortious interference with parental rights, (Doc. 1 at 10); intention infliction of emotional distress ("IIED"), (*id.*); and alienation of affection, (*id.* at 11).[3] Regarding the 2021 Incident, Ms. Miller alleges tortious interference with parental rights, (*id.* at 9); IIED, (*id.* at 6); child abuse (*id.* at 9); alienation of affection, (*id.* at 11); and malicious prosecution (*id.* at 10–11). Notably, however, Ms. Miller does not allege that she filed a notice of claim for any of her state law claims, nor does she produce a notice of claim.

When attempting to sue an Arizona public entity or public employee, there are two significant legal hurdles. First, a plaintiff must bring her claim "within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. AZDCS is considered a "public entity" within the meaning of A.R.S. § 12-821; thus it, as well as its employees,

---

[3] It is unclear from the Complaint whether Ms. Miller's state law claims were made with regard to the 2020 Incident, the 2021 Incident, or both. (*See generally* Doc. 1.) However, because Plaintiff filed her Complaint *pro se*, her pleading will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, where it seems possible that Ms. Miller makes state law claims without specifying to what event they were pertaining, the Court construes those state law claims as being made for both the 2020 and 2021 Incidents.

are subject to the one-year statute of limitations found therein. Second, Arizona requires litigants to file a notice of claim with the public entity within 180 days after a cause of action accrues. A.R.S. § 12-821.01(A); *see also Mothershed v. Thomson*, No. CV-04-2266-PHX-JAT, 2006 WL 381679, *7 (D. Ariz. Feb. 16, 2006) ("[F]ederal courts entertaining state-law claims against state entities are obligated to apply the state law notice-of-claim provision."). Again, this procedural requirement applies to AZDCS and its employees. Accordingly, the issues before the Court are (1) whether Ms. Miller filed her claims within one year of their accrual, and (2) whether she filed the related notices of claim within 180 days of the cause of actions' accrual.

The same meaning of "accrual" applies to the notice of claim statute as applies to the statute of limitation for filing a claim. *See Stulce v. Salt River Project Agr. Imp. & Power Dist.*, 3 P.3d 1007, 1010 (Ariz. Ct. App. 1999) (explaining that A.R.S. § 12-821 does not define "accrual" but courts apply the common law "discovery rule" to the statute of limitation and that A.R.S. § 12-821.01(B) reinstated the common law discovery rule to the notice of claim statute). In this context, accrual means "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). Thus, the relevant inquiry is when Ms. Miller knew—or reasonably should have known—about the 2020 Incident and the 2021 Incident. *See id.*

The latest date Ms. Miller provides for 2020 Incident is March 20, 2020, which is the day she notified AZDCS about her daughter's lodging with an alleged "pedophile." (Doc. 1 at 5.) Thus, the Court construes March 20, 2020 as the accrual date.[4] Consequently, Ms. Miller had to file her notice of claim with AZDCS within 180 days of that date, and she was required to initiate her suit within a year of that same date. Ms.

---

[4] The Court notes that the actual accrual date is likely slightly later than March 20, 2020, and probably corresponds with some event whereby Ms. Miller learned that AZDCS would not be returning her daughter or filing a police report. However, Ms. Miller does not provide the Court with details about such an event or its corresponding date. Therefore, the Court construes the latest date related to the 2020 Incident—March 20, 2020—as the date of accrual for purposes of this order. Such construal does not change the outcome of this order, and Ms. Miller may provide further details and more specific dates in her amended complaint, should she choose to file one.

Miller's Complaint, however, contains no allegations or evidence suggesting that she satisfied either of those two requirements. Indeed, her Complaint seemingly acknowledges as much. (*See id.* at 5–6 (alleging that the 2021 Incident occurred "before the statute of limitation" ran on the 2020 Incident, "baring the [P]laintiff from filing a civil complaint . . for these several injuries").) Because Ms. Miller did not file her state law claims related to the 2020 Incident within the one-year statute of limitation, the Court must dismiss them.

Relatedly, the Court finds that the claims surrounding the 2021 Incident accrued on November 23, 2021, which is the date that AZDCS allegedly issued a pick-up order for Ms. Miller's minor, non-resident children. Ms. Miller's Complaint—filed on March 16, 2022—is well within the one-year statute of limitation. However, she has not provided proof of her notice of claim, nor has she alleged that she filed one. Therefore, she has failed to satisfy A.R.S. § 12-821.01(A), and her claim must be dismissed.

Accordingly, all of Ms. Miller's state law claims are dismissed.

### B.  Federal § 1983 Claims

Ms. Miller's Complaint alleges that Defendants' actions—under color of law—in both the 2020 and 2021 Incidents violated her Fifth and Fourteenth Amendment rights in contravention of 42 U.S.C. § 1983. (Doc. 1 at 1.) "The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions." *Taylor v. Bradley-Green*, No. CV 21-02223-PHX-MTL (MHB), 2022 WL 393217, at *3 (D. Ariz. Feb. 9, 2022) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). The Arizona statute of limitations for personal injury actions runs two years after the cause of actions' accrual. *See* A.R.S. § 12-542(1). Federal law governs the accrual of § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, for her civil rights actions to be timely, Ms. Miller's claims must have accrued no earlier than two years before her

Complaint was filed.

As the Court explained above, the accrual of the claims related to the 2020 Incident—which is the latter of the two incidents—was March 20, 2020. *See supra* note 4. Ms. Miller filed this action on March 16, 2022, with just days to spare. Therefore, unlike her state law claims, Ms. Miller's federal claims are timely and may proceed.

### C. Leave to Amend

Although some of Ms. Millers claims survive this order, many are deficient and must be dismissed. However, "it is not 'absolutely clear' that [she] could not cure [some of her complaint's] deficiencies by amendment." *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014). Therefore, the Court will give Ms. Miller the opportunity to do so. *See* Fed. R. Civ. P. 15(a)(2). Ms. Miller's amended complaint should address the deficiencies identified above and should follow the form detailed in Local Rule of Civil Procedure 7.1.

Within thirty (30) days from the date of entry of this Order, Ms. Miller may submit an amended complaint. She must clearly designate on the face of her amended complaint that it is the "First Amended Complaint." If she decides to file an amended complaint, she is reminded that it supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 925–28 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," LRCiv 15.1.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's Complaint in part, (Doc. 1), in accordance with this order.

…

…

…

- 6 -

1 **IT IS FURTHER ORDERED** granting Plaintiff leave to amend her complaint
2 within 30 days of this order.
3 Dated this 8th day of April, 2022.

Honorable Susan M. Brnovich
United States District Judge

- 7 -